# Cases

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## November, 1893.

---

HENRY HARBECK, Respondent, v. SARAH K. PUPIN and Others, as Executors, etc., of FREDERICK K. AGATE, Deceased, Appellants.

*Partnership indebtedness — individual liability — general release, except as to one partner — dormant partner — intent of the releasing creditor.*

An instrument, purporting to be made pursuant to section 1942 of the Code of Civil Procedure, executed, for a good consideration, by a creditor of a dissolved partnership, which does not in terms run to the benefit of any particular individuals, but which by its operative words releases and discharges "the said members of the firm" other than one member specified, and which expressly declares that it "shall operate to release and discharge all and every person or persons other than" the member specially excepted "of and from any and all liability and obligation growing out of the indebtedness," will release the individual liability of a dormant partner, although the creditor did not know at the time of executing the release that such dormant partner had been a member of the partnership and did not intend to release him, but it was so intended by the parties who received the release.

The creditor, after having given such a general release to all the world except one and received good consideration therefor, cannot be heard to say that, as he did not intend that the instrument should operate as broadly as its terms provided, therefore it did not release anybody except those persons whom he had in mind at the time of its execution.

If, in such a case, there was no release because of a mutual misunderstanding, the creditor is bound to put the other parties, from whom he has received the consideration for the instrument, in the position in which they were before the execution of the release, before he can withdraw himself from the effect of the instrument and claim exemption from its terms.

No rule has ever prevailed to the effect that a release is to be limited to the intent of only one of the parties to it.

FIRST DEPARTMENT, NOVEMBER TERM, 1893.          [Vol. 73.

APPEAL by the defendants, Sarah K. Pupin and others, as executors of Frederick K. Agate, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 7th day of March, 1893, upon a verdict rendered at the New York Circuit, and from an order entered in said clerk's office on the 27th day of February, 1893, denying the defendants' motion for a new trial made upon the minutes.

The action was begun in November, 1888. The defendants originally demurred to the complaint for insufficiency; the demurrer was overruled at Special Term (*Harbeck* v. *Pupin,* 23 Abb. N. C. 190), at General Term (*Id.,* 55 Hun, 335), and in the Court of Appeals (*Id.,* 123 N. Y. 115). The defendants then answered, and the action was tried at the Circuit, resulting in a verdict for the plaintiff, upon which the judgment now appealed from was entered.

Section 1942 of the Code of Civil Procedure is as follows: "A joint debtor may make a separate composition with his creditor, as prescribed in this section. Such a composition discharges the debtor making it, and him only. The creditor must execute to the compounding debtor a release of the indebtedness, or other instrument, exonerating him therefrom. A member of a partnership cannot thus compound for a partnership debt until the partnership has been dissolved by consent or otherwise. In that case the instrument must release or exonerate him from all liability incurred by reason of his connection with the partnership. An instrument, specified in this section, does not impair the creditor's right of action against any other joint debtor, or his right to take any proceeding against the latter, unless an intent to release or exonerate him appears affirmatively upon the face thereof."

*G. C. Holt,* for the appellants.

*J. T. Richards,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover a balance due upon a promissory note made by the firm of W. H. Whittaker & Co., upon the ground that Frederick K. Agate, the defendants' testator, was, in his

lifetime, a member of the firm. The answer consisted in substance of a general denial, and an allegation that the defendants' testator had been released by the plaintiff.

For the purpose of the consideration of the question which seems to us to determine this appeal, it will be necessary to state but a few of the many and complicated facts which were brought out upon the trial of this action.

It is claimed upon the part of the plaintiff that the defendants' testator, Agate, was a dormant partner in the firm of Whittaker & Co., the ostensible partners being W. A. Whittaker, Sanford W. Battershall and John E. I. Grainger, and that at the time of the release, to be hereinafter mentioned, the plaintiff had no knowledge of the fact that Agate had been a member of the firm, or was a member of such firm at the time of the giving of the promissory note which formed the basis of this action.

It has been argued at considerable length by the counsel for the appellants that there having been no rescission of the release in question no recovery can be had against the defendants. The respondent meets this argument by the concession that there is no question of rescission in the case ; that the plaintiff's action does not proceed upon any rescission, nor upon any right to rescind, but that it goes upon the theory that giving to the release its full effect it did not operate to discharge the liability of Agate on the note, because the release did not in terms discharge him, and the intent to discharge the liability of Battershall and Grainger only, affirmatively appeared on the face of the instrument, and at common law the effect of the release will be limited to the intent. The question presented upon this appeal is whether this position of the respondent, in view of the conceded facts, can be maintained.

It appears that in March, 1886, several months after the failure of W. H. Whittaker & Co., one Henry A. Root, on behalf of Agate, entered into negotiations with the attorneys for the plaintiff, which resulted in the execution and delivery by him of a release which is hereinafter set out in full. The consideration for this release was the sum of $3,000 furnished by Agate, and the delivery of four notes, two of which were signed by Battershall and two by Grainger, for amounts aggregating $4,500. At this time the plaintiff was unaware that there was any possibility of his having any claim

against Agate for the indebtedness of Whittaker & Co. to him upon the ground that he had been a partner in said firm or that Root was acting upon his behalf.

The release in question is as follows:

"WHEREAS, the late copartnership firm of W. H. Whittaker & Co., of the city, county and State of New York, are indebted to me, the undersigned, Henry Harbeck, of the city, county and State of New York, in the sum of thirty thousand seven hundred and fifty-four and thirty-three one-hundredths dollars ($30,754.33), with interest from the twenty-first day of September, 1885, by virtue of a judgment recovered in the Supreme Court of the State of New York, held in and for the city and county of New York, in an action wherein said Henry Harbeck was the plaintiff and the said late firm were defendants.

" And WHEREAS, such firm has been dissolved;

" And WHEREAS, I have agreed with the members of the said late firm of W. H. Whittaker & Co., other than said W. H. Whittaker, to compound or compromise my claim on them individually, in respect of the said indebtedness to me of the said late firm;

" Now, therefore, this agreement witnesseth, that in consideration of the sum of one dollar and other good and valuable considerations to me, the said Henry Harbeck, paid by the said members of the said late firm of W. H. Whittaker & Co., other than the said W. H. Whittaker, at or before the time of subscribing this release, I, the said Henry Harbeck, do hereby, according to the statute in such case made, release, acquit and forever discharge the said members of the late firm of W. H. Whittaker & Co., other than said W. H. Whittaker, and their estate or estates, and that of each of them, of and from all individual liability, claim and demand whatsoever, for or in respect of the said indebtedness to me of the said late firm. Provided, however, that this present release is made pursuant to section 1942 of the Code of Civil Procedure, and shall have no greater or other effect than as by the said act and by this release is provided; and shall not release or discharge said W. H. Whittaker or his estate, but shall operate to release and discharge all and every person or persons other than the said W. H. Whittaker of and from any and all liability and obligation growing out of the indebtedness aforesaid.

"Nothing herein contained shall affect or impair a certain agreement dated August 20, 1885, by which certain claims and demands due the firm of W. H. Whittaker & Co. were to be held in trust for the said Harbeck; all the terms and provisions of the said agreement to remain in force notwithstanding this agreement.

"In witness whereof, I have hereto set my hand and seal this 18th day of March, 1886.

"H. HARBECK.   [L. s.]"

It is to be noticed that throughout this release there is no mention whatever made that it is to run to the benefit of any particular individuals. By its operative words, the plaintiff released and forever discharged the members of the firm of Whittaker & Co. other than Whittaker, and it expressly declares that it shall operate to release and discharge all and every person or persons other than said Whittaker of and from any and all liability and obligation growing out of the indebtedness.

This language is certainly sufficiently broad to cover all the world except Whittaker, and it was certainly so intended by the parties receiving the release.

Now, can the plaintiff, after having given a general release to all the world except one man, and received money and notes as a consideration for such a release, be heard to say that, as he did not intend that it should operate as broadly as its terms provided, that, therefore, it did not release anybody except those persons whom he had in mind at the time of the execution thereof? It seems to us that this question is too plain for argument.

If there was no release because of a mutual misunderstanding, then he was bound to put the other parties in the position in which they were, before he can claim exemption from its terms.

The argument of the learned counsel is that at common law the effect of the release is to be limited to the intent. But certainly no rule has ever prevailed that it is limited to the intent of only one of the parties.

It is further claimed that because the release did not in terms discharge Agate, and the intent to discharge the liability of Battershall and Grainger affirmatively appeared, that, therefore, it did not operate to discharge Agate. But the difficulty with the respondent's position in this respect is that by the very terms of the instru-

ment all and every person or persons other than Whittaker were expressly declared to be discharged. If the plaintiff chose to execute an instrument in the general terms which were employed in the release in question, and he has thereby discharged obligations which he had not in mind at the time of its execution, certainly the party who has been paying for that discharge is not in fault.

It is to be observed upon an examination of that release that there is not a single word said about Battershall and Grainger. It would seem as though the plaintiff had consented to release all the world except Whittaker; that he was willing to do so for the consideration which he was to receive.

It is undoubtedly true that he did not know or suppose that he was discharging anybody but Battershall and Grainger, but he took the risk of that, and it was because of this very general language in the instrument that he got the money which he received. Now, having made his bargain and received the consideration, he claims that because he did not know that he was giving for the consideration he received as much as he did actually give, he is not to be bound by it.

We are of opinion that, upon the conceded facts, in the face of the release in question, the plaintiff cannot recover against the defendants; that the terms of the release were broad enough to cover the obligation of the defendants' testator, and that the consideration was paid in order that he might be released, and he having relied upon the same, the plaintiff cannot now successfully contend that he did not intend to release him although by the words of the instrument executed he did so release him.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide event.

FOLLETT and PARKER, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.